# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON

**JAMES D. HALL, JR.,**

      **Petitioner,**

v.                                                                                  Case No. 2:15-cv-13294

**JAMES RUBENSTEIN, DAVID BALLARD,**
**CHERYL CHANDLER, JONATHAN FRAME,**
**and JASON COLLINS,**

      **Respondents.**

## PROPOSED FINDINGS AND RECOMMENDATION

On September 18, 2015, the petitioner, who was then incarcerated at the Mount Olive Correctional Complex[1] filed a Petitioner for a Writ of Mandamus (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PETITION

The petitioner's Petition for a Writ of Mandamus, which is filed on a form used by the Supreme Court of Appeals of West Virginia[2], asserts that he seeks a writ of mandamus

---

[1] According to the West Virginia Division of Corrections ("WVDOC") Central Office Record Department, the petitioner was released on parole on April 15, 2016. The petitioner has not updated his contact information with the Court as required by Local Rule 83.5; however, the undersigned's staff obtained his last known address from the WVDOC.

[2] Because of the use of this form, the undersigned is uncertain of whether the petitioner intended to file this petition in this federal court. The cover letter accompanying the petition states "I'm not sure where to file this, I ask, could you do that for me and or tell me where to or what to do please." (ECF No. 1, Attach. 1).

requiring the respondents to permanently house the petitioner in special management at the Northern Correctional Center ("NCC") or to discharge him from WVDOC custody. The petition indicates that the petitioner requested special management because he was concerned about his safety at the prison for reasons set forth in detail in the petition. The petitioner asserts that he and his family had contacted various prison and WVDOC officials to advise them of these issues and to request that the petitioner be placed in protective custody, to no avail.

## ANALYSIS

The present petition seeks a writ of mandamus directed to the respondents, who are employees of the WVDOC to transfer and permanently house the petitioner at the NCC or to discharge him from WVDOC custody. The petitioner also seeks monetary damages and a restraining order against the named respondents, which are not available through a mandamus proceeding. The petition claims that the petitioner has a "clear legal right to the constitutional rights that have been named herein"[3] and that the respondents have a "legal obligation and duty to [e]nforce the rights of the inmate and not to violate them while acting under color of state law." (ECF No. 1 at 4).

Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff. [Emphasis added.]

---

The petitioner is advised that the Court and its Clerk cannot give him legal advice and cannot take action on his behalf.

[3] The petition lists the following "constitutional rights" that the petitioner claims are owed to him or have been violated: "(1) Deliberate indifference, prison officials are aware of risk, but refuse to correct it; (2) mental and emotional injury, by forcing inmate into general population; (3) equal protection rights by not grating special management, even though inmate has already been assaulted; (4) due process rights, violation of 8th Amendment; (5) rights to rehabilitation, by forcing inmate to segregate himself, denies all rehabilitative services; (6) cruel and unusual punishment, by forcing inmate to go to general population or segregate himself, is the direct definition of cruel and unusual punishment and constitutes inhumane prison conditions."

A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina,* 551 F.2d 559, 562 (4th Cir. 1977).

To the extent that the petitioner could even identify any clear and indisputable duty owed to him by the respondents, a federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that there is no jurisdiction for this United States District Court to issue a writ of mandamus directed to WVDOC employees. Moreover, in light of the petitioner's release on parole, his specific request for mandamus relief appears to be moot. For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Mandamus as being legally frivolous and as failing to state a claim upon which relief can be granted and also as being moot.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner at 4246 Wills Creek Road, Elkview, WV 25071.

July 15, 2016

Dwane L. Tinsley
United States Magistrate Judge

4